### McGINLEY v. GILDERSLEEVE.

(Supreme Court, Appellate Division, First Department. February 21, 1908.)

ATTACHMENT—AFFIDAVIT—DESCRIPTION OF DEBT—COUNTERCLAIM.

Code Civ. Proc. § 636, provides that a plaintiff, in order to obtain an attachment, must show by affidavit that one of the causes of action specified in the preceding section exists, and, if the action is to recover for breach of contract, that plaintiff is entitled to recover a sum stated therein "over and above all counterclaims known to him." *Held*, that an affidavit for an attachment in an action to recover $800 and interest on a contract, failing to state that that amount was due to plaintiff "over and above all counterclaims," was fatally defective.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attachment, §§ 290, 291.]

Appeal from Special Term.

Action by Walter T. McGinley against Edward J. Gildersleeve. From an order denying a motion to vacate a warrant of attachment, defendant appeals. Reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

F. X. Donoghue, for appellant.

INGRAHAM, J. The attachment was granted upon the plaintiff's affidavit, which states that the action is brought to recover the sum of $800 and interest due from the defendant under an agreement made on the 28th of April, 1906, thereafter duly delivered to the plaintiff, a copy of which agreement is annexed to the affidavit, and that thereby the defendant promised and agreed for a good and valuable consideration to pay to the plaintiff the sum of $800 in installments. There was no statement in this affidavit that this amount was due to the plaintiff over and above all counterclaims. By section 636 of the Code of Civil Procedure, to entitle a plaintiff to a warrant of attachment—

"he must show by affidavit to the satisfaction of the judge granting the same, that one of the causes of action specified in the last section exists against the defendant. If the action is to recover damages for breach of contract, the affidavit must show that the plaintiff is entitled to recover a sum stated therein, over and above all counterclaims known to him."

The plaintiff failed to show to the court a fact which the statute says that he must show to entitle him to the warrant, and upon the affidavit presented he was not entitled to a warrant, and the court below should have vacated it.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion to vacate the warrant of attachment granted, with $10 costs. All concur.